**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KRISTEN KOFFEL,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:13-2430** |
| v. | : | **(MANNION, D.J.)** |
| | | **(COHN, M.J.)** |
| **CAROLYN W. COLVIN,** | : | |
| **Commissioner of Social Security Administration,** | : | |
| **Defendant** | : | |

## **MEMORANDUM**

Pending before the court is the report of Judge Gerald B. Cohn, which recommends that the appeal of plaintiff be denied in relation to her claim for Supplemental Security Income ("SSI") under the Social Security Act, 42 U.S.C. §§401-433, 1382-1383. (Doc. 22). Specifically, Judge Cohn found that the final decision of the Commissioner of Social Security in determining that plaintiff did not meet the criteria for disability was supported by substantial evidence. On April 2, 2015, the plaintiff filed objections to Judge Cohn's report and recommendation.[1] (Doc. 23). The defendant filed a response to plaintiff's objections on April 16, 2015. (Doc. 24). The plaintiff did not file a reply.

For the following reasons, the report and recommendation is **ADOPTED** and plaintiff's appeal of the decision of the defendant Commissioner is

---

[1] Plaintiff is represented by counsel in this case. The court notes that since Judge Cohn stated the full procedural history of this case, (Doc. 22, at 1-3), and since plaintiff did not object to it, the court will not repeat it herein.

**DENIED**.

## I. STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir.1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C.

§636(b)(1); Local Rule 72.31.

When reviewing the denial of disability benefits, the court must determine whether the denial is supported by substantial evidence. *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)*; Johnson v. Commissioner of Social Sec.*, 529 F.3d 198, 200 (3d Cir. 2008). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552 (1988)*; Hartranft v. Apfel*, 181 F.3d 358, 360. (3d Cir. 1999)*, Johnson*, 529 F.3d at 200. It is less than a preponderance of the evidence but more than a mere scintilla*. Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the ALJ's decision is supported by substantial evidence, the court is "bound by those findings." *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) (citation omitted). Furthermore, in determining if the ALJ's decision is supported by substantial evidence the court may not parse the record but rather must scrutinize the record as a whole. Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981).

To receive disability benefits, the plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §432(d)(1)(A). Furthermore,

3

> [a]n individual shall be determined to be under a disability only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which [she] lives, or whether a specific job vacancy exists for [her], or whether [she] would be hired if [she] applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. §423(d)(2)(A).

## II.     RELEVANT MEDICAL EVIDENCE

Judge Cohn's report and recommendation ("R&R") contains a thorough review of the plaintiff's medical history. (Doc. 22, at 6-27). The plaintiff did not file any objection to Judge Cohn's factual determinations regarding her medical history, and defendant relies upon them in her response, so they will be adopted. *See* Butterfield v. Astrue, 2010 WL 4027768, *3 (E.D.Pa. Oct. 14, 2010) ("To obtain *de novo* determination of a magistrate[ ] [Judge's] findings by a district court, 28 U.S.C. §636(b)(1) requires both timely and specific objections to the report.") (quoting Goney v. Clark, 749 F.2d 5, 6 (3d Cir. 1984)). The court will restrict its discussion below to the relevant medical

background as it pertains to the plaintiff's objections. Also, since the five-step legal framework for addressing a disability claim was properly stated in the R&R, (Doc. 22, at 4-5), as well as the findings of the ALJ at each step, (Doc. 22, at 34-35), these portions of the R&R are incorporated by reference.

## III.    DISCUSSION

The plaintiff raises four objections to the R&R claiming that errors were made by Judge Cohn regarding the following findings. First, Judge Cohn found that the Administrative Law Judge ("ALJ") properly explained why he accepted or rejected the opinion from Dr. Zimmerman, an examining psychologist, regarding plaintiff's marked limitation in her ability to complete a workday/workweek and to maintain a consistent pace. Second, the finding that the ALJ properly explained why he adopted the opinion of Dr. Karpf, an examining psychologist, regarding one aspect of plaintiff's social functioning and not the other. Specifically, the ALJ adopted Dr. Karpf's finding that plaintiff had a marked limitation on interaction with the public and the ALJ limited plaintiff to no contact with the general public. However, the ALJ failed to adopt Dr. Karpf's opinion that plaintiff had a marked limitation on interaction with co-workers and supervisors and the ALJ found that plaintiff could have

5

occasional contact with co-workers and supervisors. Three, the finding that the ALJ properly explained Dr. Karpf's opinions regarding work-related functioning. Dr. Karpf found that plaintiff had an inability to perform activities within a schedule, to attend to a task from beginning to end, to sustain a routine, and to work at a consistent pace without frequent rest periods. Plaintiff claims that the ALJ failed to explain why these opinions of Dr. Karpf were not afforded substantial weight even though Dr. Karpf's other opinions were afforded such weight. Four, the finding that the ALJ properly made a credibility determination and explained why he rejected the testimony of Barbara Lavin, a friend of plaintiff, and properly found that her testimony was cumulative to plaintiff's testimony.

These four issues were raised by plaintiff in her initial appeal regarding the decision of the ALJ denying her SSI claim and were addressed in the R&R. (Doc. 22, at 36-47). The court will now address plaintiff's objections.

*1. Dr. Zimmerman's opinion regarding plaintiff's marked limitation in her ability to complete a workday/workweek and to maintain a consistent pace*

Plaintiff claims that the ALJ erred since he did not address Dr. Zimmerman's opinion regarding her marked limitation in her ability to

6

complete a workday/workweek and to maintain a consistent pace, and he did not explain why he rejected this limitation. (TR 46).

Initially, plaintiff's contends that Judge Cohn improperly discerned the ALJ's reasoning regarding Dr. Zimmerman's opinion. In order for the court to review the ALJ's decision, the ALJ is required to "consider and evaluate the [relevant] medical evidence in the record" and, to discuss and weigh this evidence. Fargnoli v. Massanari, 247 F.3d at 42. The ALJ must also explain why he rejects evidence that contradicts his finding. Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 121 (3d Cir. 2000). The court will vacate or remand a case if the ALJ fails to provide such explanations since it precludes meaningful judicial review. Fargnoli v. Massanari, 247 F.3d at 42. The court cannot rectify the failure of an ALJ to consider all of the relevant and probative evidence "by relying on medical records found in its own independent analysis, and which were not mentioned by the ALJ." Id., at 44 n. 7 (citing Securities & Exchange Commission v. Chenery Corp., 332 U.S. 194, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947)); Marbury v. Astrue, 2010 WL 3220039, *6 (W.D.Pa. August 12, 2010) ("the agency's decision cannot be affirmed on a ground other than that actually relied upon by the agency in making its decision."). The court must limit its consideration to what is plain in "the four

7

corners of the ALJ's decision." Marbury v. Astrue, 2010 WL 3220039, *6.

Specifically, the ALJ stated that Dr. Gerald Zimmerman, PhD, found plaintiff had "a marked limitations in maintaining attention for extended periods", but the ALJ "found the marked limitations to be inconsistent with the record as a whole." (TR 46). Plaintiff argues that the ALJ failed to explain why he rejected Dr. Zimmerman' s assessment. Judge Cohn stated that "a Court may "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." (Doc. 22, at 40) (quoting Christ the King Manor, Inc. v. Sec'y U.S. Dep't of Health & Human Servs., 730 F.3d 291, 305 (3d Cir. 2013)). Judge Cohn then stated that "[i]n assessing Plaintiff's mental impairments at step two and step three, the ALJ specifically addressed Plaintiff's attention, concentration and pace:

> With regard to concentration, persistence or pace, the claimant has moderate difficulties. She is "always" able to pay attention and is "fine" with both oral and written instructions. However, she asserted that her pain precludes her from sleeping at night and she sleeps at periods throughout the day. (Tr. 40)."

(Id. at 41).

Judge Cohn properly found that the ALJ's reasoning as to why he found plaintiff did not require greater limitations in attention, concentration and pace as opined by Dr. Zimmerman (TR 1266-67) can be discerned from his

decision. As the ALJ noted, the record (plaintiff's March 2011 Function Report) indicated that plaintiff acknowledged she could "always" pay attention, follow written and oral instructions "fine," and finish what she starts. (TR 427). Also, in her June 2008 Function Report, plaintiff indicated that she did not have problems with memory, concentration, understanding, and following instructions, but she indicated that she had problems with completing tasks. (TR 360). Thus, the ALJ found, consistent with Dr. John Chiampi's (PhD) opinion, that plaintiff had a moderate limitation in concentration, persistence or pace. (TR 750). Further, the ALJ found Dr. Chiampi's opinion that plaintiff did not have the marked limitations assessed by Dr. Zimmerman was credible and afforded substantial weight to it. (TR 41, 46, 753-54). In his RFC assessment, the ALJ found that plaintiff was limited to simple, repetitive tasks that should not be performed in a fast-paced production environment. (TR 41).

As such, remand of this case is not required since it is plain from the ALJ's decision why plaintiff was not found to have marked limitations in concentration, persistence and pace. Substantial evidence support the ALJ's finding.

### 2. *Dr. Karpf's opinion regarding plaintiff's marked limitations on her ability to interact with co-workers, supervisors and the public*

Plaintiff argues that Judge Cohn erred since he did not find remand was warranted due to the ALJ's failure to explain why he rejected Dr. Ronald Karpf's (PhD) assessment that she had marked limitations in interacting with the public, co-workers, and supervisors. (TR 1059). Plaintiff states that while the ALJ in his RFC assessment adopted Dr. Karpf's findings that she had marked limitation on interaction with the public and he limited her to no contact with the general public, the ALJ failed to adopt Dr. Karpf's opinion that she had marked limitation on interaction with co-workers and supervisors. Plaintiff contends that the ALJ improperly found she could have occasional contact with co-workers and supervisors. Thus, plaintiff argues that the ALJ did not explain why he adopted Dr. Karpf's finding of marked limitation in one area of social functioning and why he rejected Dr. Karpf's finding of marked limitation in two other areas.

Plaintiff also argues that the ALJ did not explain why he afforded substantial weight to Dr. Karpf's opinion in areas of work related functioning but did not find the record was consistent with Dr. Karpf's opinion regarding plaintiff's marked limitation socially. (TR 46). Plaintiff contends that the ALJ should have afforded all of Dr. Karpf's opinions substantial weight and, that

since he did not explain why he did not, the court cannot supply this rationale under *Chenery* and its progeny. Plaintiff states that Judge Cohn did not address this alleged error in his R&R. (Doc. 23, at 7).

Judge Cohn did address this issue in his R&R. Specifically, Judge Cohn stated:

> Plaintiff asserts that the ALJ failed to explain why he rejected Dr. Karpf's assessment of marked limitations in interacting with the public, coworkers, and supervisors. However, in assessing Plaintiff's mental impairments at step two and step three, the ALJ specifically addressed Plaintiff's social functioning, writing that "[s]he is friendly with her neighbors who help her care for her children. She shops for items that she needs in stores. She socializes using Facebook and with friends who also visit her at home." (Tr. 40). The ALJ also explained that Plaintiff's mental health treatment since the last hearing consisted only of six counseling sessions in 2009 and 2010. (Tr. 44). The ALJ noted that Plaintiff "reported that she has not returned to care because she said that she cannot find a therapist within a close proximity to her home who will treat her. However, even when care was readily available, the claimant was seen relatively infrequently." (Tr. 44). Moreover, the ALJ limited Plaintiff to no contact with the general public and only occasional contact with coworkers and supervisors. (Tr. 41). Plaintiff has not explained how these restrictions fail to adequately accommodate Plaintiff's limitations in social functioning. The Court also notes that she reported that she gets along with authority figures "fine" and had never been fired from a job because of problems getting along with others. (Tr. 428). Thus, the Court can discern that the ALJ considered these limitations and why he concluded that Plaintiff had some limitation in interacting with coworkers and supervisors, yet determined this limitation was not marked.

(Doc. 22, at 41-42).

Based on the above, Judge Cohn properly concluded that substantial evidence supports the ALJ's assignment of weight to the opinions of Dr. Karpf and his finding that plaintiff had a moderate limitation in social functioning. Judge Cohn also correctly noted that "Dr. Karpf did not specify any clinical findings that supported the limitations he assessed." (Doc. 22, at 27, TR 1059). As Judge Cohn recounted, the ALJ stated the basis for his RFC assessment with respect to all of plaintiff's limitations in his decision. See Shepherd v. Colvin, 2014 WL 1234531, *5 (W.D.Pa. March 25, 2014) (court found that the "ALJ [] sufficiently considered Plaintiff's social limitations in her RFC assessment as evidenced by her thorough analysis and explanation of those limitations[]" and that "[t]he record contains substantial evidence to support her findings and RFC assessment.").

Plaintiff also states that the ALJ failed to address the following opinions of Dr. Karpf: she could not perform activities within a schedule; she could not attend to a task from beginning to end; she could not sustain a routine; she could make some poor decisions on her own; and she could not work at a consistent pace without frequent rest periods. The ALJ did address these opinions since he found in his RFC assessment that plaintiff was limited to simple, repetitive tasks and she could not perform tasks in a fast paced

12

production environment. (TR 41).

Thus, substantial evidence supports the ALJ's findings with respect to all of the opinions of Dr. Karpf.

### 3. *The ALJ's alleged failure to make a credibility finding regarding Barbara Lavin's testimony about plaintiff's activities and limitations*

Plaintiff objects to Judge Cohn's finding that "the Court can reasonably discern that the ALJ rejected Ms. Lavin's testimony for the same reasons he rejected Plaintiff's testimony" and that Ms. Lavin's "testimony is cumulative to Plaintiff's testimony." (Doc. 22, at 47). Plaintiff cites to Zirnsak v. Colvin, 777 F.3d 607 (3d Cir. 2014), to support her contention that the ALJ did not make the required credibility finding regarding the testimony of Ms. Lavin.

In Newcomer v. Commissioner of Social Sec., 2015 WL 1780205, *4 (W.D.Pa. April 20, 2015), the court stated:

> It is well-established that the ALJ is charged with the responsibility of determining a claimant's credibility. See Baerga v. Richardson, 500 F.2d 309, 312 (3d Cir. 1974). The ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight." S.S.R. 96–7p. Ordinarily, an ALJ's credibility determination is entitled to great deference. See Zirnsak v. Colvin, 777 F.3d 607, 612 (3d Cir. 2014); Reefer v. Barnhart, 326 F.3d 376, 380 (3d Cir. 2003).

13

Judge Cohn did not err in finding that the ALJ explained why he rejected Ms. Lavin's testimony and why it was cumulative. The ALJ incorporated the discussion of the previous ALJ with respect to Ms. Lavin's testimony. As Judge Cohn points out:

> The previous ALJ explained that "[Ms. Lavin's] assertion was based on [Plaintiff's] subjective complaints and does not reflect [her] overall level of function." (Tr. 176). The previous ALJ rejected Plaintiff's statements because of her conservative treatment for migraines and back pain. (Tr. 176-77). The previous ALJ also rejected Plaintiff's claims because she "is independent in activities of daily living and self-care, is a nurturing mother, shops, handles money, puts together scrapbooks, and is the primary caregiver of her children…she has no difficulty relating with other people and goes to places that involve frequent interaction with others." (Tr. 177). Thus, the ALJ concluded that Ms. Lavin's statements were based on Plaintiff's subjective claims, then concluded that Plaintiff's subjective claims were not credible.

(Doc. 22, at 46-47). The prior ALJ explained why plaintiff was not found credible and why Ms. Lavin's testimony was contrary to the evidence in the record. This constitutes sufficient reasons as to why plaintiff and Ms. Lavin were not found credible. See Brandt v. Colvin, 2014 WL 4793956, *5 (M.D.Pa. Sept. 24, 2014) (Court found that substantial evidence supported the ALJ's credibility determinations since the ALJ "found that the statements provided by Plaintiff's grandmother 'essentially mirror the [Plaintiff's] statements' and that he accordingly did 'not find the [Plaintiff] or the [Plaintiff's] grandmother

14

to be fully credible.'").

Judge Cohn also stated that Ms. Lavin's statements were cumulative to plaintiff's and, were contradicted by her conservative treatment and daily activities. (Id., at 47). Judge Cohn then discussed the specific testimony of Ms. Lavin and why he found it cumulative to plaintiff's testimony, which he also detailed in his R&R. Judge Cohn correctly concluded that the court could determine Ms. Lavin's testimony was rejected by the ALJ for the same reasons he rejected the testimony of plaintiff. As such, substantial evidence supports the ALJ's credibility determination with respect to Ms. Lavin.

## IV. CONCLUSION

The court has reviewed each of the recommended bases for denying plaintiff's appeal in the instant action presented by Judge Cohn as well as the objections of the plaintiff to Judge Cohn's report. The report and recommendation of Judge Cohn, (Doc. 22), is **ADOPTED** and, plaintiff's appeal of the decision of the defendant Commissioner, (Doc. 1), is **DENIED**. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: June 17, 2015**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-2430-01.wpd